**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2428-18T2

CHARLES H. ROBINSON JR.,[1]

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and ACCOUNTING
PRINCIPALS, INC. (FL),

     Respondents.

_____

Submitted December 18, 2019 – Decided January 7, 2020

Before Judges Haas and Enright.

On appeal from the Board of Review, Department of Labor, Docket No. 162,956.

Charles H. Robinson, Jr., appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Arons, Assistant Attorney General, of counsel; Andy Jong, Deputy Attorney General, on the brief).

---

[1] Appellant is referenced in the record also as Charles Henry Robinson, Jr.

Respondent Accounting Principals, Inc. (FL) has not filed a brief.

PER CURIAM

Claimant Charles H. Robinson, Jr. appeals from the December 20, 2018 final decision of the Board of Review (Board). We affirm.

Robinson worked for Accounting Principals, Inc. (API) from March 26, 2018 until August 24, 2018, when he was terminated from employment. He filed for benefits on September 2, 2018. A Deputy of the Division of Unemployment and Disability Insurance determined Robinson's unemployment claim was valid and that he was entitled to a weekly benefit rate of $536 and a maximum benefit amount of $6432. Robinson appealed from this determination to the Appeals Tribunal, which issued a decision in November 2018 affirming the Deputy's decision. Robinson then appealed to the Board, which upheld the Appeal Tribunal's decision. This appeal followed.

Robinson argues his benefit was not properly calculated and that the entirety of his earnings from API should have been considered to calculate his benefit. We disagree.

N.J.S.A. 43:21-19(c)(1) defines the term base year to mean "the first four of the last five completed calendar quarters immediately preceding an individual's benefit year."[2] Further, the statute provides:

> With respect to a benefit year commencing on or after July 1, 1995, if an individual does not have sufficient qualifying weeks or wages in his [or her] base year to qualify for benefits, the individual shall have the option of designating that [the] base year shall be the "alternative base year," which means the last four completed calendar quarters immediately preceding the individual's benefit year; except that, with respect to a benefit year after October 1, 1995, if the individual also does not have sufficient qualifying weeks or wages in the last four completed calendar quarters immediately preceding his [or her] benefit year to qualify for benefits, "alternative base year" means the last three completed calendar quarters immediately preceding [the individual's] benefit year and, of the calendar quarter in which the benefit year commences, the portion of the quarter which occurs before the commencing of the benefit.
>
> [Ibid.]

Preceding his claim for unemployment benefits, Robinson earned the following income:

---

[2] "Benefit year," under N.J.S.A. 43:21-19(d), is defined as "the 364 consecutive calendar days beginning with the day on, or as of, which [an individual] first files a valid claim for benefits, and thereafter, beginning with the day on, or as of, which the individual next files a valid claim for benefits after the termination of his last preceding benefit year."

A-2428-18T2

Second calendar quarter of 2017: zero wages; zero base weeks in employment;
Third calendar quarter of 2017: zero wages; zero base weeks in employment;
Fourth calendar quarter of 2017: zero wages; zero base weeks in employment;
First calendar quarter of 2018: zero wages; zero base weeks in employment;
Second calendar quarter of 2018: $10,725.37 in wages; twelve base weeks in employment;
Third calendar quarter of 2018 through September 1, 2018: $8157.19 in wages; nine base weeks in employment.

Robinson's regular base year was April 1, 2017 through March 31, 2018 (the first four of the last five completed calendar quarters before the claim was filed). However, he was not employed during this period, so his regular base year did not result in a valid claim. Accordingly, the Appeals Tribunal considered his first alternate base year, July 1, 2017 through June 30, 2018. The first alternate base year resulted in a valid claim.

Importantly, N.J.S.A. 43:21-19(c) and N.J.A.C. 12:17-5.2 only allow for consideration of a second alternate base year if the first alternate base year does not result in a valid claim. In this case, Robinson's first alternate base year resulted in a valid claim. Therefore, any earnings which fell outside of his first alternate base year, specifically the $8157.19 Robinson earned in the third

4

quarter of 2018 through September 1, 2018, were properly excluded in the calculation of his benefit.

Our review of an administrative agency decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "If the Board's factual findings are supported 'by sufficient credible evidence, [we] are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). We also accord substantial deference to the agency's interpretation of the statute it is charged with enforcing. Bd. of Educ. of Neptune v. Neptune Twp. Educ. Ass'n., 144 N.J. 16, 31 (1996).

"[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether [we] would come to the same conclusion if the original determination was [ours] to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Brady, 152 N.J. at 210 (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App Div. 1985)). "Unless . . . the agency's action was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed." Ibid. Given our deferential standard of review, there is no basis to disturb the Board's affirmance of the Appeal Tribunal's determination.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2428-18T2